IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HLAVINKA EQUIPMENT CO., | |
| Plaintiff, | 8:22CV379 |
| vs. | |
| CLAAS OF AMERICA, INC., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the parties' cross motions to compel certain discovery responses. Filing Nos. 81 and 83. CLAAS also seeks attorneys' fees in connection with its motion. Filing No. 83. For the reasons outlined below, the motions to compel will be granted and the motion for attorneys' fees will be denied.

BACKGROUND

According to the Complaint, Hlavinka is a dealer of agricultural, construction and lawn and garden equipment. CLAAS is a manufacturer and supplier of agricultural equipment. The two companies entered into an agreement ("Dealer Agreement") in April 2017 under which Hlavinka became a dealer of CLAAS equipment and parts. Filing No. 1.

On November 3, 2022, Hlavinka filed this lawsuit alleging violations of the Texas Fair Practices of Equipment Manufacturer, Distributors, Wholesalers and Dealers Act, and breach of contract. Filing No. 1. Hlavinka alleges CLAAS took

1

various actions which undermined Hlavinka's performance and substantially changed the competitive circumstances under the Dealer Agreement. Filing No. 1 at p. 4.

Specifically, Hlavinka alleges CLAAS introduced another dealer into Hlavinka's market in violation of the Dealer Agreement. *Id* at p. 3-4. CLAAS then sent Hlavinka a notice of termination on March 14, 2022, which purportedly instructed Hlavinka to cure certain alleged deficiencies. *Id*. at p. 5. On May 26, 2022, CLAAS sent Hlavinka a letter officially terminating the Dealer Agreement, which took effect on September 18, 2022. *Id*. at p. 5.

CLAAS counterclaimed for breach of contract. It contends Hlavinka failed to meet certain standards of performance required under the Dealer Agreement, thereby justifying its termination of the contract. Filing No. 30.

Discovery commenced and on November 14, 2023, a telephone conference was held with Magistrate Judge Cheryl R. Zwart to discuss the nature of the parties' disputes and their respective positions. Filing No. 71. The parties could not reach an informal resolution so, with the Court's permission, the parties filed cross-motions to compel.

Hlavinka moves to compel discovery responses from its Second Request for Production of documents. Requests 57-59 seek various internal and external communications regarding the termination of other CLAAS dealers' dealer agreements. *See* Filing No. 82-1. Further, Requests 60-64 seek documents reflecting the performance standards and compliance of other CLAAS dealers. *Id*. CLAAS objects to these requests as irrelevant and unduly burdensome. *Id*.

Likewise, CLAAS moves to compel discovery responses from Hlavinka.[1] It wants supplemental responses to interrogatories 10 and 11, and requests for

---

[1] CLAAS's motion to compel originally included interrogatory numbers 14, 15, and 20 and request for production number 14 but these are now moot. *See* Filing No. 93 at p. 2.

production 36-37 and 40-41. These requests relate to Hlavinka's sales data for CLAAS's competitors. *See* Filing Nos. 85-4, 85-5. It also seeks an order compelling Hlavinka to provide a response to interrogatory 21 and request 44. *Id*. These requests relate to inventory held by Hlavinka. Hlavinka objects to these requests as irrelevant and unduly burdensome.

## ANALYSIS

The Federal Rules of Civil Procedure allow for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id*. The proportionality analysis requires the court to weigh "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. The broad scope of Fed. R. Civ. P. 26 generally allows discovery "unless it is clear the information sought can have no possible bearing on the case." *Ingram v. Covenant Care Midwest, Inc.*, 2010 WL 1994866, at *3 (D. Neb. 2010); *Infogroup Inc. v. Off. Depot, Inc.*, No. 8:20CV109, 2021 WL 5040419, at *2 (D. Neb. Oct. 29, 2021).

**1. Hlavinka's Motion**

As noted above, Hlavinka moves for an Order compelling CLAAS to respond to document requests 57-59 and 60-64.

Hlavinka claims that CLAAS violated the Texas Fair Practices of Equipment Manufacturer, Distributors, Wholesalers and Dealers Act ("the Act") by terminating its Dealer Agreement and/or substantially changing the competitive circumstances of its Dealer Agreement without "good cause" as required by the Act. Under the Act, "good cause" exists if "the dealer fails to substantially comply with essential

and reasonable requirements imposed on the dealer under the terms of the dealer agreement, provided that such requirements are not different from requirements imposed on other *similarly situated* dealers either by their terms or by the manner in which they are enforced." V.T.C.A., Bus. & C. § 57.154(a)(1) (emphasis added). Hlavinka contends the information it now seeks bears directly on the issue of good cause.

Much of the disagreement between the parties regarding the scope of discovery turns on the definition of good cause and what it means to be a "similarly situated dealer" under the statute. CLAAS contends requests for information pertaining to all of its dealers is too broad, irrelevant, and burdensome. Filing No. 92 at p. 6. Hlavinka, on the other hand, argues the definition of similarly situated should not be narrowed at this stage of the proceedings. Filing No. 82 at 9.

The parties' motions are a double-edge sword. They simultaneously argue that it would be improper to define "similarly situated", but also suggest limiting the scope of discovery to dealers that are, in their own definitions, similarly situated. *See* Filing No. 82 at 9 and Filing No. 92 at 18. However, the Court finds it unnecessary to make a legal or factual determination as to what dealers are "similarly situated" at this stage. Rather, as discussed below, the Court finds Hlavinka's requests are relevant under Fed. R. Civ. P. 26(b)(1). Further, there are reasonable limitations on the extent of the discovery at issue and, as a result, such discovery is not an undue burden on CLAAS.

**a) Request Nos. 57-59**

Requests 57-59 seek internal and external communications relating to CLAAS's termination of dealer agreements with other dealers. CLAAS argues these requests are irrelevant because, unlike Hlavinka, the terminations with the other dealers were mutual. Further, CLAAS argues none of the 30 dealers who

were mutually terminated fall into CLAAS's proposed definition of similarly situated. Filing No. 92 at 13.

Hlavinka contends this information is highly relevant, regardless of the type of termination, because information regarding the consistency in CLAAS's manner of enforcement bear directly on the issue of good cause under the Act. Filing No. 82 at 8. They hypothesize, for example, that mutual terminations may have been a compromise because of CLAAS's threat to terminate the agreement. Id. The Court agrees. Discovery is broad and the information sought in Requests 57-59 relates directly to Hlavinka's theory of the case.

Further, the Court finds the proportionality factors in Rule 26 also lend toward allowing the discovery. CLAAS's contention that production would be unduly burdensome because it would have to identify the appropriate employees, collect documentation from said employees, and then review the identified documents for possible privilege is unpersuasive. Such practices are standard for all discovery. As both parties have argued, discovery in this case has already been extensive—and expensive—but the information Hlavinka currently seeks is directly relevant to the contested issues. Therefore, Hlavinka's motion to compel Requests 57-59 will be granted as written.

**b) Request Nos. 60-64**

Requests 60-64 seek documents reflecting the performance standards and compliance of other CLAAS dealers. Hlavinka argues the documents reflecting the compliance, or lack thereof, of other CLAAS dealers relates directly to a determination of good cause. Specifically, whether CLAAS was holding other dealers to the same standards applied to Hlavinka. Filing No. 82 at 8.

Hlavinka agreed to limit these requests to the dealers authorized by CLAAS to sell combines as opposed to all dealers as detailed in the original request. Filing No. 82 at 12. This is approximately 35-40 dealers during the relevant time frame.

Filing No. 92-1 at 7. The remaining dispute between the parties appears to be the type of information to be produced for these dealers.

Hlavinka has agreed to limit its request and now seeks a production of each dealer's "Profit Builder Report" from 2018-2021. Filing No. 82 at 13. This is the same report Hlavinka contends CLAAS used in its own termination. CLAAS, on the other hand, states that the "Profit Builder Reports" are not compiled or maintained in an organized fashion, and it would be unduly burdensome for them to produce such documents. Filing No. 92 at 16. CLAAS instead offered to produce "Profit Builder Scores" which, CLAAS advises is "source data for any 'final' reports that may have been generated for any particular dealer." Filing No. 92 at 9.

Hlavinka's narrowed request for documentation relating to performance standards for other CLAAS combine dealers is plainly relevant. And the proportionality factors again weigh in favor of production. The fact that this information is not readily available is an insufficient reason to prevent disclosure of otherwise discoverable information. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb. 2001). Further, while CLAAS would prefer to simply provide Hlavinka with the "Profit Builder Scores" rather than the "Profit Builder Reports", they do not get to dictate what Hlavinka requests. *See Wagner*, 208 F.R.D. at 611 (noting a responding party cannot unilaterally limit discovery). And, as the parties discussed in the telephone conference, the "Profit Builder Score" may not provide an accurate illustration of a dealer's performance. *See* Filing No. 102 at p. 34 (discussing how the "Profit Builder Score" is dependent on the goals set for a particular dealer). More specifically, comparing Hlavinka's "Profit Builder Score" to another dealer's "Profit Builder Score" would lack appropriate context without the relevant goals and/or barometer upon which each dealer was "scored."

Finally, there is some uncertainty as to the existence of a final "Profit Builder Report" for all of the dealers in question. Filing No. 92-1 at p. 7. Fed. R. Civ. P. 34 does not require a party to produce documents that are not in its possession,

custody or control. To the extent "Profit Builder Report" for a particular dealer is not in CLAAS's possession, custody, or control, CLAAS is not obligated to produce such document. If a "Profit Builder Report" is not in CLAAS's possession, custody, or control, CLAAS shall produce the underlying "Profit Builder Scores" as they are responsive to Hlavinka's original request, as well as any raw data that is in CLAAS's possession, custody, or control that would be used to create the "Profit Builder Report", as such documents are also responsive to Hlavinka's original request and discoverable pursuant to Rule 26(b)(1).

Based on the foregoing, Hlavinka's motion to compel Requests 60-64 will be granted. CLAAS shall produce the annual "Profit Builder Report" for each combine dealer from 2018-2021. If such report is not in CLAAS's possession, custody, or control for one or more combine dealers in such time period, CLAAS shall produce the underlying "Profit Builder Scores" as well as any raw data that is in CLAAS's possession, custody or control that would be used to create the "Profit Builder Report.".

### 2. CLAAS's Motion

CLAAS moves for an Order requiring Hlavinka to supplement its responses to Interrogatories 10 and 11 and Requests 36-37 and 40-41. These requests relate to Hlavinka's sales data of CLAAS's competitors. *See* Filing Nos. 85-4, 85-5. It also seeks an answer to Interrogatory 21 and Request 44. These requests relate to inventory held by Hlavinka. *Id*. Hlavinka objects to these requests as being irrelevant and unduly burdensome.

#### a). Interrogatory Nos. 10-11 and Request Nos. 36-37, 40-41

In its response to CLAAS's motion, Hlavinka provided supplemental interrogatory answers and document productions on January 5, 2024. Filing No. 91 at 1. Hlavinka contends it provided all the information CLAAS sought to compel in Interrogatories 10 and 11 and Requests 36-37 and 40-41. *Id*. The information

7

produced was apparently in connection to a compromise made between the parties. Filing No. 93 at 2. According to CLAAS, as part of the compromise, CLAAS sought to identify various customers by their county. *Id*. at p. 4 n. 5. In its reply, CLAAS indicates Hlavinka provided the relevant customers' zip codes instead of the county. *Id*. While the Court is not privy to the specific agreement between the parties, Hlavinka shall produce documents in accordance with the parties' agreement.[2]

### b). Interrogatory No. 21 and Request No. 44

The remaining discovery items relate to information concerning Hlavinka's inventory of competing manufacturers. Specifically, CLAAS requests:

> Interrogatory No. 21: Identify, by each part/unit, the inventory held by Hlavinka at year end for the period January 1, 2013 through the present, including the number of each part/unit, the manufacturing line of each part/unit, and the dollar value of each part/unit.
>
> Request No. 44: Documents sufficient to show Hlavinka's annual inventory by manufacturing line from January 1, 2013 to the present.

Filing No. 85-3 at p. 6; 85-4 at p. 8.

As part of the present motion, CLAAS agreed to forego its request that Hlavinka include the dollar value of each part/unit for each manufacturer. CLAAS would instead accept the aggregate dollar value by manufacturer for inventory at year end, which Hlavinka has already provided, as well as a listing of the products that are included in that aggregate inventory without the dollar value assigned to each part/unit for each manufacturer. Filing No. 93 at 9.

Hlavinka argues these requests are irrelevant and unduly burdensome. Filing No. 91 at 4. In support of its motion, CLAAS contends the data is directly

---

[2] Should a disagreement remain among the parties as to whether Hlavinka should provide the zip code or the county for the customers in question, this Court concludes Hlavinka should provide the county for the customers in question as it appears undisputed that Hlavinka's area of responsibility under the Dealer Agreement is defined by county and zip codes may overlap multiple counties. Filing No. 84 at p. 9 n.1.

8

relevant to its defenses and counterclaim because Hlavinka was obligated under the Dealer Agreement to keep CLAAS inventory on hand for customer needs. Filing No. 84 at p. 11. CLAAS argues that "data establishing that Hlavinka kept more inventory on hand for competing manufacturers would evidence that Hlavinka was more focused on developing the market for those manufacturers rather than CLAAS." *Id*. In response, Hlavinka contends the amount of inventory it may have for another manufacturer has no bearing on whether it satisfied any inventory obligations imposed by CLAAS. Filing No. 91 at 4.

CLAAS's counterclaim alleges Hlavinka was contracted to "exercise its best efforts" and to "conduct aggressive advertising and sales promotion" to further CLAAS products. Filing No. 30 at p. 21. The inventory Hlavinka maintained for other manufacturers may further CLAAS's theory that Hlavinka did not focus their efforts on developing the market for CLAAS. Therefore, the information sought by CLAAS is discoverable under Rule 26(b). While Hlavinka's objection contends production would be unduly burdensome, its response provides no evidence to adequately support this contention. CLAAS's motion will be granted, and Hlavinka shall produce the inventory data as outlined in CLAAS's compromised position.

### 3. Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5) provides for the payments of reasonable expenses, including attorney's fees, when a motion to compel is granted. Under this rule, the Court must not order payment if the opposing party's response was substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii). Here, while both parties were successful on their respective motions to compel, the Court finds an award of fees to be unwarranted. The parties' respective positions in contesting the disputed discovery were reasonable and made in good faith. *See Rasby v. Pillen,* No. 8:15CV226, 2017 WL 2838131, at *2 (D. Neb. June 30, 2017). Therefore, CLAAS's motion for an award of fees and expenses will be denied.

Accordingly,

IT IS ORDERED:

1. Hlavinka's motion to compel, Filing No. 81, is granted as set forth in this order. CLAAS must respond to the relevant discovery requests on or before March 15, 2024.
2. CLAAS's motion to compel, Filing No. 83, is granted as set forth in this order. Hlavinka must respond to the relevant discovery requests on or before March 15, 2024.
3. CLAAS's motion for attorneys' fees, Filing No. 83, is denied.

Dated this 16th day of February, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge